UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-769
(3:05-cr-219)

| | | |
|---|---|---|
| ANTWAIN LAMONT PAULINGS | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, and for alternative relief, (Doc. No. 3), and the Government's Motion to Dismiss, (Doc. No. 10). For the reasons that follow, Petitioner's motion will be dismissed and denied.

I.  BACKGROUND

On August 30, 2005, Petitioner pled guilty to possessing firearms after being convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count One), without a plea agreement. (Case No. 3:05-cr-219, Doc. No. 8: Acceptance and Entry of Guilty Plea). The Presentence Report ("PSR") identified two North Carolina predicate convictions used to increase his base offense level under §2K2.1(a) of the U.S. Sentencing Guidelines Manual (2004)("USSG"). (Doc. No. 2: PSR ¶ 13). At the sentencing hearing, the Court imposed a term of imprisonment at the high end of the advisory guidelines range, but below the statutory maximum, of 115 months. (Case No. 3:05-cr-219, Doc. No. 13: Doc. No. 17: Judgment at 1-2). The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and entered its Mandate on June 1, 2007. (Id., Doc. No. 22: Opinion; Doc. No. 24: Mandate).

1

On November 15, 2012, Petitioner filed the instant § 2255 motion stating his sentence was improperly enhanced in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because one of the predicate convictions used to set the base offense level is no longer considered a felony.[1] (Doc. No. 3 at 3). Petitioner also raises claims for alternative relief pursuant to 28 U.S.C. § 2241 and through petitions pursuant to the All Writs Act, 28 U.S.C. § 1651. (Id. at 19-24). The Government filed a Motion to Dismiss contending that Petitioner's § 2255 motion should be dismissed as untimely and that he is not eligible for alternative relief. (Doc. No. 10). Petitioner had the opportunity to respond and the matter is now ripe for disposition.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

    A.     Section 2255 Claim

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for

---

[1] Petitioner was previously sentenced to 14 years' imprisonment for Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury, (Doc. No. 2: PSR ¶ 30); therefore, his § 922(g)(1) conviction is not in dispute.

2

collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about August 30, 2007, after his time to file a petition for writ of certiorari in the Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003) (judgment becomes final when time to seek review expires). Petitioner contends that this action is timely under § 2255(f)(4) because Simmons altered the "facts" about his prior conviction or that equitable tolling should apply. (Doc. No. 3 at 16-19). The Government relies on Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (en banc), to assert a statute of limitations defense against Petitioner's claims about his sentencing enhancement. (Doc. No. 10: Motion to Dismiss at 3).[2]

The Fourth Circuit's en banc decision in Whiteside makes it clear that Petitioner's § 2255

---

[2] Thus, this case is markedly different from Miller v. United States, 735 F.3d 141, 143 (4th Cir. 2013), where the Fourth Circuit applied Simmons retroactively to a felon-in-possession of a firearm conviction after the Government waived the statute of limitations.

motion is untimely under (f)(4) and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging predicates used to enhance a sentence under the guidelines was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense in this case. Whiteside, 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself") (collecting cases).[3] Even if the Court were to reach the merits of Petitioner's § 2255 attack on his sentence, it is now moot since he is no longer in custody. (Case No. 3:05-cr-219, Doc. Nos. 28-30: Orders modifying terms of supervised release).

    B.    Alternative Claims

        1.    Section 2241

The savings clause in § 2255(e) provides a petitioner the opportunity to pursue habeas relief under § 2241 if it appears that the remedy allowed in a § 2255 proceeding is inadequate or ineffective to test the legality of the person's conviction.[4] However, § 2241 may not be used to assert innocence of a sentencing factor. Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (rejecting Simmons claim attacking Armed Career Criminal designation)(citing United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008)); Bryant v. Warden, 738 F.3d 1253, 1280 (11th Cir.

---

[3] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).
[4] A § 2241 petition can only be filed in the "district of confinement." United States v. Poole, 531 F.3d 263, 264, 273 (4th Cir. 2008) (citing Rumsfield v. Padilla, 542 U.S. 426, 447 (2004)). The Government, however, has not asserted venue as a defense to this claim. Therefore, the Court will consider its merits.

4

2013) (recognizing Fourth Circuit's § 2241 limitation to decriminalized conduct and not reaching sentencing issues, citing Poole).  Therefore, Petitioner is not entitled to relief under § 2241.

      2.      Writ of Coram Nobis

"Coram nobis is an extraordinary remedy that has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255." United States v. Howze, 521 F. App'x 164 (4th Cir. 2013) (quoting United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011)) (rejecting Simmons claim) (internal quotation marks omitted).  Here, Petitioner is no longer in custody and he is only challenging the length of his jail sentence, not the conviction itself.  Therefore, coram nobis is unavailable to him.

      3.      Writ of Audita Querela

Finally, Petitioner is not entitled to a writ of audita querela. "A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109, at *1 (4th Cir. 2012) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).  As detailed above, Petitioner could have challenged his sentence under § 2255.  His failure to do so within statute of limitations does not warrant extraordinary relief. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.").  Additionally, this claim is moot now that he has been released from custody.

IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion must be dismissed and his alternative claims for relief must be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss, (Doc. No. 10), is **GRANTED**;

2. Respondent's Motion for Extension of Time, (Doc. No. 11), is **GRANTED**; and

3. Petitioner's § 2255 Motion to Vacate and for alternative relief, (Doc. No. 3), is **DISMISSED and DENIED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: March 22, 2016

Robert J. Conrad, Jr.
United States District Judge

6